### JAMES PHILLIPS *versus* ENEAS SINCLAIR.

It is a well settled rule in equity that twenty years possession by the mortgagee or his assignees, without an acknowledgement of a subsisting mortgage, operates as a bar to the right of redemption, unless the mortgagor can bring himself within the proviso in the statute of limitations.

After a judgment in his favor establishing the right, one may lawfully enter under that judgment upon a vacant lot, without a writ of possession.

If the party be not without the limits of the United States at the time the right first accrued, no subsequent absence will prevent the operation of the statute of limitations, (St. 1821, c. 62,) or give him ten additional years in which to bring his suit or make his entry, under the proviso contained in the fourth section.

The rule in equity on that subject, is applied upon the same principles as the statute. When that will not allow a party the additional ten years, equity will not relieve him.

The right to redeem a mortgage first accrues, when the money secured by it becomes payable.

To avoid the operation of this rule in equity, it should clearly appear, that the party was without the United States when his right to redeem first accrued.

BILL in equity, seeking for a decree establishing his right to redeem a mortgage, heard on bill, answer, and proof. All the facts necessary for the proper understanding of the points in the case decided by the Court, will be found stated in the opinion, immediately preceding the decision on those points respectively.

*J. A. Poor* argued for the plaintiff, and among other positions, took the following: —

The deeds put into the case by the defendant admit the existence of the mortgage until within two or three years of the

filing of the bill; and that is sufficient to establish our right to redeem. 1 Hill. Abr. 29; 1 Powell on Mort. (Rand's Ed.) 380 to 392; *Dexter* v. *Arnold*, 1 Sum. 110; S. C. 2 Sum. 109; *Demarest* v. *Wynkoop*, 3 Johns. Ch. R. 129; 4 Ves. 348; 18 Ves. 455; 1 Dana, 279; 1 Sim. & St. 347.

To constitute a foreclosure by an entry other than under a writ of possession, it must not only be made after condition broken and for condition broken, but the actual possession must be taken and retained. *Gordon* v. *Lewis*, 1 Sum. 525; *Taylor* v. *Weld*, 5 Mass. R. 109; *Scott* v. *McFarland*, 13 Mass. R. 309; *Thayer* v. *Smith*, 17 Mass. R. 429; *Gibson* v. *Crehore*, 5 Pick. 146; *Hadley* v. *Houghton*, 7 Pick. 29. Our statute is different from those of Massachusetts, and expressly prohibits all presumptions of foreclosure, where none of the statute modes are shown to have been pursued. *Boyd* v. *Shaw*, 14 Maine R. 58.

The rule in equity is the same as in law respecting the length of time necessary to show a presumption of foreclosure by continued possession, without proof of a regular foreclosure under the statute. Twenty years are the shortest time. Hill. Abr. 290; 1 Johns. Ch. R. 285; 10 Wheat. 152; 9 Wheat. 489; 1 Sum. 110, 525; 2 Sum. 109; 1 Taunt. 307.

The statute of limitations did not begin to run until ten years after the return of the plaintiff from the British Provinces. 9 Johns. 174; 3 Johns. Ch. R. 129.

*A. G. Jewett* argued for the defendant, and contended, that a purchaser of land for value of the mortgagee, without notice of its being held in mortgage, with a possession of twenty years under his deed, holds the land against any right of the mortgagor to redeem. 1 Story's Eq. 139, 165, 381, 403, 409, 434, 436; 2 Story's Eq. 1502, 1503; 2 Ves. Jr. 458.

If a man, having the right, stands by and sees another purchase, and gives no notice of his claim, he cannot hold against such purchaser. *Wendell* v. *Van Rensselaer*, 1 John. Ch. R. 344; *Storrs* v. *Barker*, 6 Johns. Ch. R. 166; 1 Story's Eq. § 388, 389.

But the defendant has shown a perfect title, both at law and in equity. By twenty years uninterrupted possession, claiming title in himself. When in possession of a portion of the premises, erecting buildings and making improvements, under a recorded deed, for twenty years, he acquires an indefeasible title to all the land described, unless it was in the possession of some other person. *Prop. Ken. Pur.* v. *Larrabee,* 2 Greenl. 275. And by a legal foreclosure of the mortgage. *Boyd* v. *Shaw,* 2 Shepl. 58. The commencement of the foreclosure was under the Statutes of Massachusetts, and they are to govern.

The opinion of the Court was drawn up by

SHEPLEY J. — By this bill the plaintiff seeks to redeem an estate conveyed by him in mortgage, to Samuel Rich, on the third day of July, 1811, to secure the payment of a note for $300, on the first day of May, 1812. A receipt, for $174,93 to be indorsed on the note, purporting to be signed by Rich and bearing date April 21, 1812, is produced. It appears in proof, that the plaintiff in the early part of the year 1812, left the town of Brewer and went to Eastport, and soon after to the Province of New Brunswick, where he resided until about the year 1820, when he returned to this state, and has frequently since that time been in the town of Brewer where the estate lies. It does not appear, that he left the estate in the care of any person, when he went away ; nor that he has since that time, by himself or others under him, had any possession of it, paid any taxes on it, or in any manner claimed any rights in it until March, 1837, when he called upon the tenant to render an account and to allow him to redeem. Twenty-five years had then nearly elapsed since it became his duty to have paid the money and redeemed the estate. It is a well settled rule in equity, that twenty years possession by the mortgagee or his assignees, without an acknowledgment of a subsisting mortgage, operates as a bar to the right of redemption, unless the mortgagor can bring himself within the proviso in the statute of limitations. *Jenner* v. *Tracy,* 3 P. Wms. 287 ; *Demarest* v.

*Wynkoop*, 3 Johns. Ch. R. 129. Two objections are made to the application of this rule in the present case. In the first place it is denied, that the testimony satisfactorily proves that the estate has been held under the mortgagee for so long a time. And in the second place it is said, that the plaintiff was without the United States in such a manner as to bring him within the proviso in the act of limitations.

It appears that the mortgagee on the 20th of August, 1812, brought a suit on the mortgage to obtain possession. That during that year he left the town of Brewer, where he had resided, and never returned. The suit was prosecuted and judgment obtained, and the conditional judgment entered in the following year; and a writ of possession issued thereon on the 14th of January, 1814. This writ is not found, and there is no proof of its having been executed. While that suit was pending the mortgagee conveyed the estate, on the 9th of July, 1813, to his sister, Polly Rich, referring to the mortgage deed from the plaintiff. It was not recorded until 1816.

Hollis Bond testifies in substance, that Arthur Rich, who resided in Eddington, had the care of the land until he sold it to Howard and Martin, which was in the year 1825. That he hired it of him for the year 1814 or 15, and paid the taxes for the use of it as a pasture. That James Campbell and Joshua Hathaway occupied it after him. That it was occupied as a pasture every year till Howard and Martin purchased, although the fences were often down, and it occasionally laid common. John C. Clewly testifies in substance, that his father occupied it in 1818, under Arthur Rich, and paid the taxes and kept up the fences that were upon it for the use of it, and that he pastured it for several years, and he thinks till Howard and Martin purchased. Franklin Adams testifies, that when a small boy he recollects hearing Arthur Rich inquire about it, and offer to rent it, and to sell it; and that he is now thirty years of age. James S. Rich testifies, that he found among the papers of his father, Arthur Rich, deceased, a power of attorney, which is produced, from Polly Rich to his father, dated October 2, 1822, authorizing him to sell the land. And

that Polly Rich became the wife of Henry Merritt. It appears that Merritt and wife authorized Arthur Rich to sell by a power bearing date October 8, 1825. And in December following they conveyed by deed with warranty to Howard and Martin, under which title, with that of Merritt and wife, it has since been occupied. It appears to have been taxed several years to the plaintiff, as a non-resident. This was while he was out of the country; and there is no evidence that any one paid for him; while there is evidence of occasional payments by the tenants under the Rich title; and as the land does not appear to have been sold to pay them, there is just reason to conclude, that they were usually so paid. There can be little doubt, that from the year 1822, Arthur Rich controlled the possession for Polly Rich, and there is no evidence of any entry or of possession taken at that time, which tends to confirm the other testimony, shewing, that possession was taken under her title soon after the judgment in 1814 or '15, as stated by Bond. She might lawfully enter under that judgment, for one may so enter after judgment upon a vacant lot without a writ of possession. *Withers* v. *Harris*, Ld. Raym. 808. The testimony is therefore almost conclusive to prove, that possession had been held under the title of the mortgagee for more than twenty years, not only without any admission of the title of the mortgagor, but with a practical denial of it, by offering to sell, and by actually making sale of the estate.

It remains to consider whether the testimony shows, that the plaintiff is entitled to the benefit of the proviso in the statute of limitations, relating to those out of the United States. By that statute, one who is "without the limits of the United States," "at the time the said right or title first descended, accrued, or fell," is allowed ten additional years to make his entry or bring his suit. If not so absent at the time the right first accrued, no subsequent absence will prevent the operation of the statute. The rule in equity is applied upon the same principles as the statute. When that would not allow a party the additional ten years, equity will not relieve him. The right

to redeem in this case, first accrued when the debt became payable, which was on the first day of May, 1812. From that time, the statute would operate upon the remedy of the mortgagee. There is nothing in the case to show that the debt could have been collected of the mortgagor at the time he first claimed to redeem. His absence would not have rebutted the presumption arising from the lapse of time, for the right of action accrued before he left the country. It does not appear, that he left the town of Brewer before the first of May, 1812, nor how soon he went from Eastport to New Brunswick. To avoid the operation of the rule, it should clearly appear that he was without the United States when his right to redeem first accrued. This right having been destroyed by the lapse of time, it becomes unnecessary to consider the effect of the testimony to prove a foreclosure of the mortgage.

*Bill dismissed, with costs for defendant.*